**DUPLICATE ORIGINAL**

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Andrew S. Friedman (*Pro Hac Vice*)
afriedman@bffb.com
Kimberly C. Page
kpage@bffb.com
Michael McKay
mmckay@bffb.com
2901 North Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
John J. Stoia, Jr. (141757)
johns@lerachlaw.com
Theodore J. Pintar (131372)
tedp@lerachlaw.com
Phong Tran (204961)
ptran@lerachlaw.com
Rachel L. Jensen (211456)
rachelj@lerachlaw.com
Steven M. Jodlowski (239074)
sjodlowski@lerachlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101-4797
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Interim Co-Lead Class Counsel*

FILED
CLERK, U.S DISTRICT COURT
JUN - 1 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only _X_

LODGED
CLERK, U.S. DISTRICT COURT
JUN - 1 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

IN RE MIDLAND NATIONAL LIFE
INSURANCE CO. ANNUITY SALES
PRACTICES LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

CV06-1007 -
(MDL NO. 07-1825) CAS(MANx)
Honorable Christina A. Snyder
CV07-3631-CAS(MANx)
~~PROPOSED~~ PRETRIAL ORDER
NO. 2

**I.    APPLICATION**

This Order shall apply to those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to the Panel's Transfer Order





DOCKETED ON CM
JUN 2 5 2007

dated May 2, 2007 (the "Transfer Order"), as well as all Related Actions previously or subsequently filed in this District Court or otherwise transferred or removed to this Court.[1] This Order shall also apply to any "tag-along" actions the Judicial Panel on Multidistrict Litigation transfers to this Court pursuant to Rule 12 of its Rules of Procedure. A list of those actions filed, transferred or removed to this Court thus far is attached to this Order as Exhibit A.

A copy of this Order shall be filed in each case listed in Exhibit A. In cases subsequently filed in, removed to, or transferred to this Court as part of this multidistrict litigation proceeding, the Clerk shall provide a copy of this Order to each Plaintiff and Defendant not previously a party to a case consolidated and coordinated in MDL 07-1825 at the time such case is filed in, removed or transferred to this Court.

This Order shall apply to each case subsequently transferred to this Court, unless (1) a party serves and files an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party and (2) this Court grants such application. The Court requests the assistance of counsel in calling to the attention of the Clerk for filing or transfer of any case which might properly be coordinated or consolidated as part of these consolidated and coordinated actions.

---

[1] Pretrial Order No.1 was entered by this Court in *Migliaccio v. Midland Nat'l Life Ins.*, CV 06-1007 CAS on April 10, 2006.

Within twenty (20) days after service of this Order by Plaintiffs' Interim Co-Lead Class Counsel (see below), any party may object to the application of this Order or to any of its provisions, by filing an application for relief with the Court.

## II.   CONSOLIDATION, DESCRIPTION AND CAPTION

In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, the actions subject to this Order are hereby consolidated for pretrial purposes only. Henceforth, this case will be referred to as "In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation" MDL No. 07-1825 (the "Consolidated Actions").

Henceforth, every pleading and other document filed in these actions which ordinarily contains a pleading caption shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL NO. 07-1825 CAS(MANx) Honorable Christina A. Snyder |
|---|---|
| | [DOCUMENT CAPTION] |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

When a pleading or other captioned document is intended to be applicable to all actions which have been consolidated in this case, the words "All Actions" shall appear immediately after the words "This document relates to:". (See example above). When a pleading or other captioned document is intended to be applicable

only to one or more, but fewer than all, of these consolidated actions, the last name of the first-named plaintiff in that action and that action's case-specific number shall appear immediately after the words "This document relates to:". Thus, for example, "*MIGLIACCIO*, CV 06-1007 CAS (MANx)" would replace "ALL ACTIONS" in the caption above.

III. MASTER FILE AND MASTER DOCKET

A Master File is hereby established for the pleadings and papers filed in the Consolidated Actions, and for all other cases filed in or transferred or removed to this Court and consolidated with the Consolidated Actions. The Master File shall be denominated MDL No. 07-1825. An original of this Order and every subsequent Order shall be filed by the Clerk of Court in the Master File, and Plaintiffs' Interim Co-Lead Class Counsel shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

When a pleading or other paper is filed with a caption stating that it is applicable to "All Actions," the Clerk shall file such pleading or paper only in the MDL File and enter such filing in the MDL Docket.[2] As such, the parties need only provide the Clerk with an original and one copy plus any conforming copies of any document or paper submitted for filing.

When a pleading or other paper is filed and the caption shows that it is applicable to fewer than all of these consolidated actions, the individual action

---

[2] To access this MDL case in the CM/Pacer database, use "ML" instead of "CV" before the number. E.g., 2:07-ML-1825.

-4-

1. number assigned by the Clerk's Office in the Central District of California must be
2. listed so that those pleading or papers may be docketed under the Clerk's Office
3. action number. For example:

| IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL NO. 07-1825 CAS(MANx) Honorable Christina A. Snyder |
|---|---|
| | [DOCUMENT CAPTION] |
| THIS DOCUMENT RELATES TO: *Migliaccio*, CV 06-1007 CAS (MANx) | |

The Clerk shall file such pleading or paper in the file(s) pertaining to the specific individual action(s) and shall enter the pleading or paper in the docket(s) for such action(s). The Clerk also shall note on the MDL Docket those consolidated actions to which the document relates.

Only pleadings which pertain to an individual action, such as answers, cross-claims, etc. may be docketed on the individual action docket sheet in addition to the MDL Docket.[3]

## IV. ADMISSION OF ATTORNEYS

All attorneys or record to the parties in the Consolidated Actions are deemed admitted *pro hac vice* to practice before this Court, and no *pro hac vice* applications for admission to practice by counsel of record are required. Unless the Court orders

---

[3] In order to maintain the integrity of the individual action files in instances where documents or papers pertain to numerous actions, the parties should submit an original and one copy plus a duplicate original for each of the individual actions identified in the caption after the words "This document relates to:" in the caption set forth above and, if desired, a conforming copy.

otherwise, no counsel of record for any party shall be required to obtain local counsel in the Central District of California.

V. LEAD PLAINTIFFS' COUNSEL, INTERIM CLASS COUNSEL AND COORDINATION OF PRE-TRIAL ACTIVITIES

A. Co-Lead Counsel and Interim Class Counsel

On April 10, 2006, this Court appointed Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. and John J. Stoia of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23 (g)(2)(A) to act on behalf of the Plaintiffs and the proposed class of policyholders in these consolidated actions. See Pretrial Order No. 1.

B. Responsibilities of Interim Co-Lead Class Counsel

Interim Co-Lead Class Counsel shall continue to fulfill the responsibilities outlined in Pretrial Order No. 1. Responsibilities of Interim Co-Lead Class Counsel generally include:

1. Interim Co-Lead Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel. In addition, Interim Co-Lead Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel.

2. Interim Co-Lead Class Counsel shall also maintain a current Master Service List, which shall include email addresses of all counsel of record and whenever changes or additions are made to the Master Service List provide all counsel and the Clerk with a revised copy containing the date of the revisions.

Interim Co-Lead Class Counsel will be responsible for receiving and distributing to all Plaintiffs' counsel in the action all notices, order and other communications from the Court. Interim Co-Lead Class Counsel shall keep complete files of all material received and make those material available for inspection by Plaintiffs' counsel.

3. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel without the advance approval of Interim Co-Lead Class Counsel. This is intended to prevent duplication of pleadings, discovery or tasks by Plaintiffs' counsel. All pleadings or other papers filed with the Court on behalf of any Plaintiff shall be filed through Interim Co-Lead Class Counsel. Interim Co-Lead Class Counsel will speak on behalf of Plaintiffs at all Court conferences and hearings.

4. Interim Co-Lead Class Counsel shall conduct settlement discussions and negotiations on behalf of Plaintiffs. Interim Co-Lead Class Counsel shall enter into discussions, negotiations, and stipulations with counsel for Defendant necessary for the conduct of the litigation.

5. All Plaintiffs' counsel shall submit to Interim Co-Lead Class Counsel a record of time expended and expenses incurred in the manner, form and frequency directed by Interim Co-Lead Class Counsel.

6. Interim Co-Lead Class Counsel shall perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities, the prosecution of this litigation, or as authorized by further order of this Court.

Defendants' counsel may rely upon all agreements made with Plaintiffs' Lead and Interim Class Counsel and such agreements shall be binding on all Plaintiffs and their counsel, unless otherwise ordered by the Court.

**B.  Plaintiffs' Executive Committee**

The following counsel are hereby appointed as members of the Plaintiffs' Executive Committee:

   FINKELSTEIN & KRINSK LLP

   RENNE SLOAN HOLTZMAN & SAKAI, LLP

   HAGENS BERMAN SOBOL SHAPIRO LLP

The Executive Committee shall assist in the prosecution of this litigation as directed by Interim Co-Lead Class Counsel. Its members as well as Interim Co-Lead Class Counsel shall cooperate to the maximum extent reasonably possible to assure the efficient, effective and economical prosecution of this litigation.

**VI.  DISCOVERY**

No motion or discovery shall be initiated or filed on behalf of any Plaintiff in the class action cases except by and through Interim Co-Lead Class Counsel. All discovery taken in these consolidated and coordinated actions will apply to subsequently filed cases and the parties will not be required to repeat discovery already undertaken in these actions. The Court expects all counsel in these

-8-

1  consolidated and coordinated actions to make every effort to avoid duplication,

2  inefficiency and inconvenience to the Court, the parties, counsel and witnesses and

3  to avoid duplicative or overlapping requests or responses.

4
5  **VII. PRESERVATION OF EVIDENCE**

6  During the pendency of this litigation, or until further order of this Court, the

7  parties shall take reasonable steps to preserve all documents within their possession,

8
9  custody or control, including computer and electronically generated and stored

10 information and materials such as computerized data and electronic mail,

11 containing information that is relevant to or may lead to the discovery of

12
13 information relevant to the subject matter of the pending litigation. Nothing in this

14 paragraph is intended to change or otherwise modify the parties' obligations under

15 the Federal Rules of Civil Procedure.

16
17 **VIII. SERVICE OF DOCUMENTS**

18 Plaintiffs shall serve Defendants with all pleadings, motions and other Court

19
20 filings by serving Defendants' Counsel (1) by facsimile; or (2) by overnight

21 delivery for the next court day on the date when such service is due. In addition,

22 Plaintiffs shall also serve Defendants with all pleadings, motions and other Court

23
24 filings by emailing PDF copies of the submissions to those lawyers and paralegals

25 designated by Defendants' Counsel to receive service copies.

26 Defendant shall serve Plaintiffs with all pleadings, motions and other court

27
28 filings by serving Interim Co-Lead Class Counsel (1) by facsimile; or (2) by

overnight delivery for the next court day on the date when such service is due. In addition, Defendants shall also serve Plaintiffs with all pleadings, motions and other Court filings by emailing PDF copies of the submissions to those lawyers and paralegals designated by Interim Co-Lead Class Counsel to receive service copies at their respective law firms and the members of the Executive Committee.

Pursuant to Fed. R. Civ. P. 5, service of Interim Co-Lead Class Counsel and service of Defendants' Counsel constitutes service on other attorneys and parties for whom such counsel acts. For the purpose of computing time under Fed. R. Civ. P. 6, one day shall be added to the prescribed period when service is effectuated by electronic means under this Order. For the purpose of calculating time for filing motions and related papers under Local Rules 6-1, 7-9 and 7-10, any motions, oppositions to motions, or reply papers served pursuant to this section shall be deemed to be served personally as of the date they are transmitted by facsimile or overnight mail, and such service shall not extend or affect any time period prescribed for service under Local Rules 6-1, 7-9 or 7-10.

## IX. SUBSEQUENT CASES AND PRETRIAL ORDERS

### A. Subsequent Orders

The Court may issue additional pretrial orders as appropriate to provide for the prompt, fair, and efficient administration of this matter. All subsequent case management orders issued in this proceeding shall be numbered consecutively.

Any reference to an order of this Court in any document filed with the Court shall include the proper number of the Order.

B. Application to Additional Cases

Because additional cases may be transferred to, removed to, or filed in this Court, this Court will issue orders calling for such matters to proceed in a manner consistent with this multidistrict litigation proceeding, and, to the maximum extent practicable, will require such cases to follow the same schedule set forth herein.

C. Amendments; Exceptions

This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

X. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of attorney-client privilege or the attorney work product immunity. Similarly, the mere communication of information among and between counsel for Defendants shall not be deemed a waiver of any applicable privileges.

XI. PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

The Stipulation and Protective Order Regarding Confidential and Trade Secret Information and Stipulation and Order Regarding Production of Agent

- 11 -

1  Information (collectively referred to as "*Migliaccio* Protective Orders") entered by
2  Magistrate Judge Nagle shall apply to these MDL proceedings. Documents
3  produced in *Bendzak* and designated as "Confidential" shall be treated forthwith in
4  
5  accordance with the *Migliaccio* Protective Orders.

## XII. DOCUMENTS PRODUCED IN CONSTITUENT CASES

Any documents produced in any of the constituent cases to MDL No. 1825 may be used as if produced in these MDL proceedings.

IT IS SO ORDERED.

Dated: 6/1/07

*Christina A. Snyder*
Christina A. Snyder
United States District Judge

-12-

# EXHIBIT A

1. *Migliaccio v. Midland National Life Ins. Co.*, CV 06-1007 CAS (MANx) pending in the Central District of California

2. *Bendzak v. Midland National Life Ins. Co.*, 4:05-CV-00649-RP CFB transferred from the Southern District of Iowa

Jun. 1. 2007  2:52PM  1ST NATIONWIDE  No. 4040  P. 23